PAUL L. REIN, Esq. (SBN 43053)
CELIA McGUINNESS, Esq. (SBN 159420)
CATHERINE M. CABALO, Esq. (SBN 248198)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:    510/832-5001
Facsimile:    510/832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
JEAN RIKER


SUSAN K. JAMISON (SBN 131867)
GREGG M. FICKS (SBN 148093)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California  94111-4213
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email: ef skj@cpdb.com,
       ef gmf@cpdb.com

Attorneys for Defendants
FAIRMONT HOTEL MANAGEMENT, L.P. and
MASON STREET ASSOCIATES, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN RIKER,<br><br>     Plaintiff,<br><br>v.<br><br>FAIRMONT HOTELS & RESORTS (U.S.) INC.; FAIRMONT HOTEL MANAGEMENT COMPANY; FAIRMONT HOTEL COMPANY - SAN FRANCISCO L.P.; and DOES 1-20, INCLUSIVE,<br><br>     Defendants. | CASE NO.  C11-2582 RS<br><br>**CONSENT DECREE AND [~~PROPOSED~~] ORDER** |

1.    Plaintiff JEAN RIKER ("Plaintiff") filed a complaint in this action on May 27,

2011 (the "Initial Complaint") to obtain recovery of damages for her alleged discriminatory

experiences, denial of access, and denial of her civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. sections 12101 *et seq.*, and California civil rights laws against defendants FAIRMONT HOTELS & RESORTS (U.S.) INC.; FAIRMONT HOTEL MANAGEMENT COMPANY; SIC HOTEL COMPANY - SAN FRANCISCO L.P., and DOES 1-20, inclusive, relating to the alleged condition of their public accommodations as of December 18, 2009, and allegedly continuing. In the Initial Complaint, Plaintiffs alleged that the defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at the Fairmont Hotel at 950 Mason Street, San Francisco, California.

2.     On July 26, 2011, Plaintiff filed a Notice of Dismissal of defendant SIC HOTEL COMPANY – SAN FRANCISCO, A CALIFORNIA LIMITED PARTNERSHIP, thereby dismissing such defendant from this action.

3.     On July 26, 2011, Plaintiff filed a First Amended Complaint against Defendants FAIRMONT HOTELS & RESORTS (U.S.) INC.; FAIRMONT HOTEL MANAGEMENT COMPANY; and FAIRMONT HOTEL COMPANY – SAN FRANCISCO L.P. making the same allegations and asserting the same claims as in the Initial Complaint. The First Amended Complaint superseded the Initial Complaint, and hereafter is referred to as the "Complaint."

**SUBSTITUTION OF DEFENDANTS**

4.     After Plaintiff filed the Complaint, defendant FAIRMONT HOTEL COMPANY – SAN FRANCISCO, L.P. transferred its interests in the real property that is a subject of the Complaint to MASON STREET ASSOCIATES, LLC

5.     The parties agree, and have separately signed and filed a Stipulation, incorporated hereby reference, requesting that the Court enter an Order:

(A)     approving the substitution of MASON STREET ASSOCIATES, LLC in place of FAIRMONT HOTEL COMPANY - SAN FRANCISCO L.P. as defendant in this action, and dismissing FAIRMONT HOTEL COMPANY – SAN FRANCISCO, L.P. with prejudice as a defendant herein; and

(B)     approving the substitution of FAIRMONT HOTEL MANAGEMENT L.P. in place of FAIRMONT HOTELS & RESORTS (U.S.) INC. and FAIRMONT HOTEL MANAGEMENT COMPANY as a defendant in this action, and dismissing FAIRMONT HOTELS & RESORTS (U.S.) INC. and FAIRMONT HOTEL MANAGEMENT COMPANY with prejudice as defendants herein.

6.      MASON STREET ASSOCIATES, LLC and FAIRMONT HOTEL MANAGEMENT L.P. hereafter will collectively be referred to as "Defendants," and each a "Defendant."

7.      The parties request the Court sign the stipulation substituting the defendants only if it also approves and signs the Consent Decree and Order.

8.      On August 8, 2011, Defendants, through their predecessors, filed an Answer to the Complaint, including affirmative defenses to Plaintiff's claims.  Defendants deny the allegations in the Complaint and by entering into this Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action.  Plaintiff and Defendants, hereinafter collectively, "the parties," and each a "party," enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation and without any admission of liability.

**JURISDICTION**

9.      The parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.,* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

10.     In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree agree to entry of this Order to resolve all claims raised in the Complaint.  Accordingly, they agree to the entry of this Consent Decree and Order without trial or adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief, damages, attorneys' fees, costs, and otherwise.

WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

## SETTLEMENT OF INJUNCTIVE RELIEF

11.     This Consent Decree and Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants related to the Complaint.

12.     The parties agree and stipulate that the corrective work required hereunder will be performed in compliance with the currently applicable standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and/or the Americans with Disabilities Act Accessibility Standards, whichever is more stringent, unless other standards are specifically agreed to in this Consent Decree and Order.

13.     **Remedial Measures**:

a.     The scope of the corrective work agreed upon hereunder is detailed in the list of remedial measures attached hereto as **Attachment A**. Defendant Mason Street Associates, LLC agrees to perform such corrective work in accordance with this Consent Decree and Order, including **Attachment A,** at the Fairmont San Francisco Hotel, 950 Mason Street, San Francisco, California (the "Hotel"). Defendant Mason Street Associates, LLC, at its option, may either repair, adjust, or replace the relevant area or element that is the subject of the corrective work. In the event Defendants, after good faith effort, are not able to administratively obtain any permits, approvals, historic landmark exemptions, or similar documents or permissions that may be necessary to perform the corrective work required hereunder, the parties will meet and confer about the issue in accordance with the provisions stated in paragraph 16.

b.     Defendant Fairmont Hotel Management L.P. agrees to institute written policies and train applicable Hotel employees as delineated in **Attachment B**.

14.     **Timing of Injunctive Relief**: Defendant Mason Street Associates, LLC will complete the remediation listed in Attachment A, and Defendant Fairmont Hotel Management L.P. will institute the Policies listed in Attachment B, within the time frames listed in **Attachment C**. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff within 20 days of

discovering the delay. Defendants or their counsel will notify Plaintiff's counsel when the corrective work is completed, and in any case will provide a status report to Plaintiff's counsel no later than 180 days after entry of this Consent Decree and Order.

## DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES AND COSTS

15.     Plaintiff previously has received any and all sums agreed to be paid to her in full and final resolution of all of Plaintiff's claims for statutory, actual, treble, personal injury, and other damages, and for Plaintiff's claims for attorneys' fees, litigation expenses and costs in connection with this action, the Complaint, and all claims related thereto.

## MEET AND CONFER

16.     At least fifteen (15) business days before Plaintiff files or submits to the Court any motion, application, or request for relief related to the enforcement of this Consent Decree and Order, Plaintiff will provide notice to Defendants of her intention to seek such relief and the reasons therefore. Plaintiff thereafter shall seek to meet and confer with Defendants' counsel about her desired relief and reasons therefore. In the event the parties are unable to resolve the issues between them during that meet and confer period, Plaintiff thereafter may seek relief from the Court. Nothing herein restricts Defendants from seeking relief from the Court from any of their obligations under this Consent Decree and Order because of, for instance, unforeseen circumstances, as long as Defendants follow this same meet and confer process.

## NOTICES

17.     Any notice required or permitted to be given under this Consent Decree and Order shall be delivered by facsimile, e-mail, or personal delivery to the name(s) and address(es) specified immediately below, or to such other names and address(es) that any party may provide in writing to any other party following entry of this Consent Decree and Order:

    a.     Notices to Plaintiff:

           Celia McGuinness, Esq.
           Law Offices of Paul L. Rein
           200 Lakeside Drive, Suite A
           Oakland, CA 94612
           Telephone: 510-832-5001
           Facsimile: 510-832-4787
           reinlawoffices@aol.com

b.     Notices to Defendants:

Susan K Jamison, Esq.
Gregg M. Ficks, Esq.
Coblentz, Patch, Duffy & Bass LLP
One Ferry Building, Suite 200
San Francisco, CA 94111
Telephone: 415-391-4800
Facsimile: 415-989-4663
sjamison@coblentzlaw.com
gficks@coblentzlaw.com

## ENTIRE CONSENT DECREE AND ORDER

18.     This Consent Decree and Order and Attachments A, B, and C to this Consent

Decree and Order, and the stipulation filed concurrently herewith, which are incorporated herein

by reference as if fully set forth in this document, constitute the entire agreement between the

parties on all matters between them.

## CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST

19.     This Consent Decree and Order shall be binding on the parties and all successors in

interest.  The parties have a duty to so notify all such successors in interest of the existence and

terms of this Consent Decree and Order during the period of the Court's jurisdiction of this

Consent Decree and Order.

## MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY

20.     Each of the parties to this Consent Decree understands and agrees that there is a

risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all

of them will incur, suffer or experience some further loss or damage with respect to the lawsuit

which are unknown or unanticipated at the time this Consent Decree and Order is signed.  Except

for all obligations required in this Consent Decree and Order, the parties intend that this Consent

Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by

the parties subsequent to the execution of this Consent Decree and Order.  Therefore, except for all

obligations required under this Consent Decree and Order, this Consent Decree and Order shall

apply to and cover any and all claims, demands, actions and causes of action by the parties to this

Consent Decree with respect to the lawsuit, whether the same are known, unknown or hereafter

SIGNATORIES BIND PARTIES

24.     Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

DATED: ~~November~~ 6, 2012          PLAINTIFF JEAN RIKER
      December

By: _____
      JEAN RIKER


DATED: November ___, 2012          FAIRMONT HOTEL MANAGEMENT, L.P., by its
      General Partner, Fairmont Hotel Management Company

By: _____
      Print Name:
      Print Title:


DATED: November ___, 2012          MASON STREET ASSOCIATES LLC


By: _____
      Print Name:
      Print Title:


APPROVED AS TO FORM:

~~DATED: November ___,~~ 2012          LAW OFFICES OF PAUL L. REIN
December 6,

By: _____
      Celia McGuinness
      Attorneys for Plaintiff JEAN RIKER

03747.037 2201439v4                    8

**SIGNATORIES BIND PARTIES**

24.    Signatories on the behalf of the parties represent that they are authorized to bind the

parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in

counterparts and a facsimile signature shall have the same force and effect as an original signature.

DATED: November ____, 2012              PLAINTIFF JEAN RIKER


By: _____
    JEAN RIKER


DATED: ~~November~~ *December 6th*, 2012    FAIRMONT HOTEL MANAGEMENT, L.P., by its
                                           General Partner, Fairmont Hotel Management Company

By: _____
    Print Name: *BARBARA KIZMO*
    Print Title: *VP & ASSOCIATE GENERAL COUNSEL*


DATED: November ____, 2012              MASON STREET ASSOCIATES LLC


By: _____
    Print Name:
    Print Title:


**APPROVED AS TO FORM:**

DATED: November ____, 2012              LAW OFFICES OF PAUL L. REIN


By: _____
    Celia McGuinness
    Attorneys for Plaintiff JEAN RIKER

**SIGNATORIES BIND PARTIES**

24.     Signatories on the behalf of the parties represent that they are authorized to bind the

parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in

counterparts and a facsimile signature shall have the same force and effect as an original signature.

DATED: November ____, 2012          PLAINTIFF JEAN RIKER


By:    _____
          JEAN RIKER


DATED: November ____, 2012          FAIRMONT HOTEL MANAGEMENT, L.P., by its
                                                     General Partner, Fairmont Hotel Management Company

By:    _____
          Print Name:
          Print Title:


DATED: November ____, 2012
          _December 6,_

MASON STREET ASSOCIATES LLC a Delaware limited
liability company,   By: Woodmont Associates, LLC, a Delaware
limited liability company, its Sole Member

By: _____
          Print Name: Michael Rosenfeld
          Print Title:  Authorized Signatory


**APPROVED AS TO FORM:**

DATED: November ____, 2012          LAW OFFICES OF PAUL L. REIN


By:    _____
          Celia McGuinness
          Attorneys for Plaintiff JEAN RIKER

DATED: ~~November~~ December 6, 2012         COBLENTZ, PATCH, DUFFY & BASS LLP

By: _____
Gregg M. Ficks
Attorneys for Attorneys for Defendants
FAIRMONT HOTEL MANAGEMENT, L.P. and
MASON STREET ASSOCIATES LLC

IT IS SO ORDERED:

Dated: 12/10/12

RICHARD SEEBORG
United States District Judge