PAUL L. REIN, Esq. (SBN 43053)
CELIA McGUINNESS, Esq. (SBN 159420)
CATHERINE M. CABALO, Esq. (SBN 248198)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:    510/832-5001
Facsimile:    510/832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
JEAN RIKER

SUSAN K. JAMISON (SBN 131867)
GREGG M. FICKS (SBN 148093)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California  94111-4213
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email: ef skj@cpdb.com,
        ef gmf@cpdb.com

Attorneys for Defendants
FAIRMONT HOTEL MANAGEMENT, L.P. and
MASON STREET ASSOCIATES, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN RIKER,<br><br>        Plaintiff,<br><br>v.<br><br>FAIRMONT HOTELS & RESORTS (U.S.) INC.; FAIRMONT HOTEL MANAGEMENT COMPANY; FAIRMONT HOTEL COMPANY - SAN FRANCISCO L.P.; and DOES 1-20, INCLUSIVE,<br><br>        Defendants. | CASE NO.  C11-2582 RS<br><br>**CONSENT DECREE AND [PROPOSED] ORDER** |

        1.     Plaintiff JEAN RIKER ("Plaintiff") filed a complaint in this action on May 27,

2011 (the "Initial Complaint") to obtain recovery of damages for her alleged discriminatory

experiences, denial of access, and denial of her civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. sections 12101 *et seq.*, and California civil rights laws against defendants FAIRMONT HOTELS & RESORTS (U.S.) INC.; FAIRMONT HOTEL MANAGEMENT COMPANY; SIC HOTEL COMPANY - SAN FRANCISCO L.P., and DOES 1-20, inclusive, relating to the alleged condition of their public accommodations as of December 18, 2009, and allegedly continuing.  In the Initial Complaint, Plaintiffs alleged that the defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at the Fairmont Hotel at 950 Mason Street, San Francisco, California.

2.      On July 26, 2011, Plaintiff filed a Notice of Dismissal of defendant SIC HOTEL COMPANY – SAN FRANCISCO, A CALIFORNIA LIMITED PARTNERSHIP, thereby dismissing such defendant from this action.

3.      On July 26, 2011, Plaintiff filed a First Amended Complaint against Defendants FAIRMONT HOTELS & RESORTS (U.S.) INC.; FAIRMONT HOTEL MANAGEMENT COMPANY; and FAIRMONT HOTEL COMPANY – SAN FRANCISCO L.P. making the same allegations and asserting the same claims as in the Initial Complaint.  The First Amended Complaint superseded the Initial Complaint, and hereafter is referred to as the "Complaint."

**SUBSTITUTION OF DEFENDANTS**

4.      After Plaintiff filed the Complaint, defendant FAIRMONT HOTEL COMPANY – SAN FRANCISCO, L.P. transferred its interests in the real property that is a subject of the Complaint to MASON STREET ASSOCIATES, LLC

5.      The parties agree, and have separately signed and filed a Stipulation, incorporated hereby reference, requesting that the Court enter an Order:

(A)      approving the substitution of MASON STREET ASSOCIATES, LLC in place of FAIRMONT HOTEL COMPANY - SAN FRANCISCO L.P. as defendant in this action, and dismissing FAIRMONT HOTEL COMPANY – SAN FRANCISCO, L.P. with prejudice as a defendant herein; and

(B)    approving the substitution of FAIRMONT HOTEL MANAGEMENT L.P. in place of FAIRMONT HOTELS & RESORTS (U.S.) INC. and FAIRMONT HOTEL MANAGEMENT COMPANY as a defendant in this action, and dismissing FAIRMONT HOTELS & RESORTS (U.S.) INC. and FAIRMONT HOTEL MANAGEMENT COMPANY with prejudice as defendants herein.

6.    MASON STREET ASSOCIATES, LLC and FAIRMONT HOTEL MANAGEMENT L.P. hereafter will collectively be referred to as "Defendants," and each a "Defendant."

7.    The parties request the Court sign the stipulation substituting the defendants only if it also approves and signs the Consent Decree and Order.

8.    On August 8, 2011, Defendants, through their predecessors, filed an Answer to the Complaint, including affirmative defenses to Plaintiff's claims. Defendants deny the allegations in the Complaint and by entering into this Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. Plaintiff and Defendants, hereinafter collectively, "the parties," and each a "party," enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation and without any admission of liability.

**JURISDICTION**

9.    The parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.*, and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

10.    In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree agree to entry of this Order to resolve all claims raised in the Complaint. Accordingly, they agree to the entry of this Consent Decree and Order without trial or adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief, damages, attorneys' fees, costs, and otherwise.

WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF**

11.     This Consent Decree and Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants related to the Complaint.

12.     The parties agree and stipulate that the corrective work required hereunder will be performed in compliance with the currently applicable standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and/or the Americans with Disabilities Act Accessibility Standards, whichever is more stringent, unless other standards are specifically agreed to in this Consent Decree and Order.

13.     **Remedial Measures:**

a.     The scope of the corrective work agreed upon hereunder is detailed in the list of remedial measures attached hereto as **Attachment A**.  Defendant Mason Street Associates, LLC agrees to perform such corrective work in accordance with this Consent Decree and Order, including **Attachment A**, at the Fairmont San Francisco Hotel, 950 Mason Street, San Francisco, California (the "Hotel").  Defendant Mason Street Associates, LLC, at its option, may either repair, adjust, or replace the relevant area or element that is the subject of the corrective work.  In the event Defendants, after good faith effort, are not able to administratively obtain any permits, approvals, historic landmark exemptions, or similar documents or permissions that may be necessary to perform the corrective work required hereunder, the parties will meet and confer about the issue in accordance with the provisions stated in paragraph 16.

b.     Defendant Fairmont Hotel Management L.P. agrees to institute written policies and train applicable Hotel employees as delineated in **Attachment B**.

14.     **Timing of Injunctive Relief:**  Defendant Mason Street Associates, LLC will complete the remediation listed in Attachment A, and Defendant Fairmont Hotel Management L.P. will institute the Policies listed in Attachment B, within the time frames listed in **Attachment C**.  In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff within 20 days of

discovering the delay.  Defendants or their counsel will notify Plaintiff's counsel when the corrective work is completed, and in any case will provide a status report to Plaintiff's counsel no later than 180 days after entry of this Consent Decree and Order.

## DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES AND COSTS

15.     Plaintiff previously has received any and all sums agreed to be paid to her in full and final resolution of all of Plaintiff's claims for statutory, actual, treble, personal injury, and other damages, and for Plaintiff's claims for attorneys' fees, litigation expenses and costs in connection with this action, the Complaint, and all claims related thereto.

## MEET AND CONFER

16.     At least fifteen (15) business days before Plaintiff files or submits to the Court any motion, application, or request for relief related to the enforcement of this Consent Decree and Order, Plaintiff will provide notice to Defendants of her intention to seek such relief and the reasons therefore.  Plaintiff thereafter shall seek to meet and confer with Defendants' counsel about her desired relief and reasons therefore.  In the event the parties are unable to resolve the issues between them during that meet and confer period, Plaintiff thereafter may seek relief from the Court.  Nothing herein restricts Defendants from seeking relief from the Court from any of their obligations under this Consent Decree and Order because of, for instance, unforeseen circumstances, as long as Defendants follow this same meet and confer process.

## NOTICES

17.     Any notice required or permitted to be given under this Consent Decree and Order shall be delivered by facsimile, e-mail, or personal delivery to the name(s) and address(es) specified immediately below, or to such other names and address(es) that any party may provide in writing to any other party following entry of this Consent Decree and Order:

a.      Notices to Plaintiff:

Celia McGuinness, Esq.
Law Offices of Paul L. Rein
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:  510-832-5001
Facsimile:  510-832-4787
reinlawoffices@aol.com

    b.    Notices to Defendants:

> Susan K Jamison, Esq.
> Gregg M. Ficks, Esq.
> Coblentz, Patch, Duffy & Bass LLP
> One Ferry Building, Suite 200
> San Francisco, CA 94111
> Telephone: 415-391-4800
> Facsimile: 415-989-4663
> sjamison@coblentzlaw.com
> gficks@coblentzlaw.com

## ENTIRE CONSENT DECREE AND ORDER

18.     This Consent Decree and Order and Attachments A, B, and C to this Consent Decree and Order, and the stipulation filed concurrently herewith, which are incorporated herein by reference as if fully set forth in this document, constitute the entire agreement between the parties on all matters between them.

## CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST

19.     This Consent Decree and Order shall be binding on the parties and all successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

## MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY

20.     Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer or experience some further loss or damage with respect to the lawsuit which are unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required under this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown or hereafter

discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

21.     Except for all obligations required in this Consent Decree and Order, each of the parties to this Consent Decree, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other party and all officers, directors, shareholders, partners, managers, members, subsidiaries, joint venturers, stockholders, parent companies, affiliates, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER**

22.     This Consent Decree and Order shall be in full force and effect until December 31, 2014, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.  The Court shall retain jurisdiction of this action to enforce provisions of this Order until December 31, 2014, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY**

23.     If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES**

24.    Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

DATED: November ~~November~~ December 6, 2012

PLAINTIFF JEAN RIKER

By: _____
    JEAN RIKER

DATED: November ___, 2012

FAIRMONT HOTEL MANAGEMENT, L.P., by its General Partner, Fairmont Hotel Management Company

By: _____
    Print Name:
    Print Title:

DATED: November ___, 2012

MASON STREET ASSOCIATES LLC

By: _____
    Print Name:
    Print Title:

**APPROVED AS TO FORM:**

DA~~TED: November ___,~~ December 6, 2012

LAW OFFICES OF PAUL L. REIN

By: _____
    Celia McGuinness
    Attorneys for Plaintiff JEAN RIKER

**SIGNATORIES BIND PARTIES**

24.    Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

DATED: November ___, 2012          PLAINTIFF JEAN RIKER


By: _____
     JEAN RIKER


DATED: ~~November~~ December 6th, 2012     FAIRMONT HOTEL MANAGEMENT, L.P., by its
General Partner, Fairmont Hotel Management Company

By: _____
Print Name: BARBARA KILNE
Print Title: VP & ASSOCIATE GENERAL COUNSEL


DATED: November ___, 2012          MASON STREET ASSOCIATES LLC


By: _____
     Print Name:
     Print Title:


**APPROVED AS TO FORM:**

DATED: November ___, 2012          LAW OFFICES OF PAUL L. REIN


By: _____
     Celia McGuinness
     Attorneys for Plaintiff JEAN RIKER

**SIGNATORIES BIND PARTIES**

24. *Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.*

DATED: November ___, 2012          PLAINTIFF JEAN RIKER

By: _____
    JEAN RIKER

DATED: November ___, 2012          FAIRMONT HOTEL MANAGEMENT, L.P., by its
                                   General Partner, Fairmont Hotel Management Company

By: _____
    Print Name:
    Print Title:

DATED: ~~November~~ December 6ᵗʰ, 2012

                                   MASON STREET ASSOCIATES LLC a Delaware limited
                                   liability company, By: Woodmont Associates, LLC, a Delaware
                                   limited liability company, its Sole Member

By: _____
    Print Name: Michael Rosenfeld
    Print Title: Authorized Signatory

**APPROVED AS TO FORM:**

DATED: November ___, 2012          LAW OFFICES OF PAUL L. REIN

By: _____
    Celia McGuinness
    Attorneys for Plaintiff JEAN RIKER

DATED: ~~November~~ ___, ~~2012~~ December 6, 2012

COBLENTZ, PATCH, DUFFY & BASS LLP

By: _____
Gregg M. Ficks
Attorneys for Attorneys for Defendants
FAIRMONT HOTEL MANAGEMENT, L.P. and
MASON STREET ASSOCIATES LLC

IT IS SO ORDERED:

Dated: 12/10/12

_____
RICHARD SEEBORG
United States District Judge

## ATTACHMENT A TO CONSENT DECREE:  REMEDIATION

*Riker v. Fairmont Hotels & Resorts (U.S.) Inc., et al,* Case No. C11-2582 RS

# 1. Parking

| 1.0 | Parking | | |
|---|---|---|---|
| **Item** | **Element** | **Barrier Alleged by Plaintiff** | **Remediation** |
| 1.2 | Passenger Loading – ISA Signage | Plaintiff alleges there is no Passenger Loading sign at the passenger loading & unloading area in front of the hotel main entrance. | Provide compliant signage at existing accessible parking area. |
| **Parking Space #1 - "Van Accessible"** | | | |
| 1.3 | Signage – "Towing Notification" | Plaintiff alleges there here is no "Towing Notification" sign posted at the parking lot entrance or at any of the parking spaces. | Provide a "Towing Notification" sign visible from each designated accessible parking space or at each entrance to the parking lot as per CBC requirements. |
| 1.4 | Signage – "Minimum Fine" Signage | Plaintiff alleges there is no information regarding the monetary fine for parking in an accessible parking space. | Post "Minimum Fine" signage as per CBC requirements. |
| 1.5 | Parking – Length | Plaintiff alleges the parking space is 17'- 7" long. | Renovate the parking area to provide a min. 9-ft. wide x 18-ft. long parking space as per CBC requirement. |
| 1.7 | Parking – "Van Accessible" Access Aisle Stripe Color | Plaintiff alleges the "Van Accessible" access aisle border stripes are not outlined in blue and cross-hatched. | Restripe the access aisle as per CBC requirements. |
| 1.9 | "Van Accessible" Access Aisle Signage – "NO PARKING" | Plaintiff alleges the access aisle does not have the words "NO PARKING" painted on the surface. | Paint the "NO PARKING" signage on the access aisle as per CBC requirements. |
| 1.10 | Parking to Entrance – Accessible Route | Plaintiff alleges the POT from the access aisle to the ramp is blocked by wheel curbs.<br><br>There is no accessible route from the designated accessible parking space to the main entrance. | Remove wheel stop from access aisle and maintain clearance at all times. |
| 1.12 | Signage – "Towing Notification" | Plaintiff alleges the "Towing Notification" sign posted at the parking garage entrance says to contact hotel security but does not give a telephone number. | Provide a "Towing Notification" sign with the required permanent contact information. |
| 1.16 | POT Behind Parked Vehicles – Obstructions | Plaintiff alleges all the designated accessible parking spaces have a marked striped POT at the head of the parking spaces that is obstructed by other parked vehicles restricting the POT to less than the required 48" minimum width. | Provide a wheel stop at all parking spaces that are adjacent to the marked striped POT to provide a min. 48" wide walkway as per CBC & ADAAG requirements. |
| **Parking Space #2 - "Van Accessible"** | | | |
| 1.17 | ISA & "Van Accessible" Signage – Visible | Plaintiff alleges the ISA & "Van Accessible" sign posted at the parking space is obscured by a vehicle parked in the space. | Relocate the posted ISA signage so it is visible beyond the parked vehicle as per CBC & ADAAG requirements; 60" minimum to bottom of sign if not already compliant. |
| 1.18 | Signage – "Minimum Fine" Signage | Plaintiff alleges there is no information regarding the monetary fine for parking in an accessible parking space. | Post "Minimum Fine" signage as per CBC requirements. |
| **Parking Space #3** | | | |
| 1.19 | Parking – "Van Accessible" Access Aisle Stripe Color | Plaintiff alleges the "Van Accessible" access aisle border is not outlined in blue. | Restripe the access aisle as per CBC requirements. |
| 1.21 | Signage – Visible | Plaintiff alleges the ISA sign posted at the parking space is obscured by mechanical piping. | Relocate the posted ISA signage so it is visible beyond the parked vehicle as per CBC & ADAAG requirements.<br><br>We recommend placing the posted ISA signage on the concrete beam adjacent to the printed parking space number. |
| 1.22 | Signage – "Minimum Fine" Signage | Plaintiff alleges there is no information regarding the monetary fine for parking in an accessible parking space. | Post "Minimum Fine" signage as per CBC requirements. |
| 1.23 | Access Aisle – Stripe Color | Plaintiff alleges the access aisle border is not outlined in blue and cross hatched. | Restripe the access aisle as per CBC requirements. |
| **Parking Space #4** | | | |
| 1.25 | Signage – "Minimum Fine" Signage | Plaintiff alleges there is no information regarding the monetary fine for parking in an accessible parking space. | Post "Minimum Fine" signage as per CBC requirements. |
| 1.26 | Access Aisle – Width | Plaintiff alleges the parking space access aisle is 4'-9" wide | Provide a 5'-0" wide x 18'-0" long access aisle on the passenger side as per CBC & ADAAG requirements. |

| Item | Element | Barrier Alleged by Plaintiff | Remediation |
|------|---------|------------------------------|-------------|
| 1.27 | Access Aisle – Stripe Color | Plaintiff alleges the access aisle border is not outlined in blue and cross hatched. | Restripe the access aisle as per CBC requirements. |
| **Parking Space #5** | | | |
| 1.28 | Signage – "Minimum Fine" Signage | Plaintiff alleges there is no information regarding the monetary fine for parking in an accessible parking space. | Post "Minimum Fine" signage as per CBC requirements. |
| 1.29 | Access Aisle – Width | Plaintiff alleges the parking space access aisle is 4'-9" wide | Provide a 5'-0" wide x 18'-0" long access aisle on the passenger side as per CBC & ADAAG requirements. |
| 1.30 | Access Aisle – Stripe Color | Plaintiff alleges the access aisle border is not outlined in blue and cross hatched. | Restripe the access aisle as per CBC requirements. |
| **Parking Space #6** | | | |
| 1.31 | Signage – "Minimum Fine" Signage | Plaintiff alleges there is no information regarding the monetary fine for parking in an accessible parking space. | Post "Minimum Fine" signage as per CBC requirements. |
| 1.32 | Access Aisle – Width | Plaintiff alleges the parking space access aisle is 4'-10½" wide | Provide a 5'-0" wide x 18'-0" long access aisle on the passenger side as per CBC & ADAAG requirements. |
| 1.33 | Access Aisle – Stripe Color | Plaintiff alleges the access aisle border is not outlined in blue and cross hatched. | Restripe the access aisle as per CBC requirements. |
| **Elevator Lobby Area** | | | |
| 1.44 | Double Entry Doors – Opening Force | Plaintiff alleges the double entry doors require 15lbs./13lbs. of force to open. | Replace or adjust the closer to meet the max. 5lbs. of force to open as per CBC & ADAAG requirements, or add auto opener, or remove doors. |
| 1.45 | Double Entry Doors – Clear Width | Plaintiff alleges the double entry door has a 26" clear width opening. | Renovate the width of one door opening to a min. 32" clear as per CBC & ADAAG requirements or install an automatic door opener. |
| 1.46 | Double Entry Doors – Bottom Height | Plaintiff alleges the bottom rail of the double entry doors is 4½" high. | Provide a min. 10" high smooth bottom surface on the push side of the door as per CBC requirements; or Replace doors; or add auto opener |

## 2. Site Accessibility

| 2.0 | Site Accessibility | | |
|-----|--------------------|--|--|
| **Laurel Court Restaurant Ramp** | | | |
| Item | Element | Barrier Alleged by Plaintiff | Remediation |
| 2.16 | Corner entrance under Laurel Court awning; Entry Double Door Landing - Clear and Level | The exterior entry double door landing has a 7.7% slope. | Install signage directing guests to accessible path of travel, if not already installed. |

## 3. Fairmont San Francisco Hotel

| 3.0 | Fairmont San Francisco Hotel | | |
|-----|------------------------------|--|--|
| Item | Element | Barrier Alleged by Plaintiff | Remediation |
| **Main Entrance, Lobby and Registration Areas** | | | |
| 3.6 | Hertz-Airport Shuttle Counter – Height | Plaintiff alleges the Hertz-Airport Shuttle counter is 44" AFF and there is no lowered section. | Provide shelf on top of employee half-door or other similar solution without modifying marble counter |
| **Private Residence Club Room** | | | |
| 3.7 | Accessible Route – Provided | Plaintiff alleges there is a 7" high step into the Private Residence Club Room to view the model and it is not accessible. | Provide accessible route to raised area within room, relocate the goods and services to an accessible location, or close the area to the public. |
| **Gift Shops** | | | |
| **Ornamento Flowers (Lobby Level)** | | | |
| **Robin Woodard Jeweler (Lobby Level)** | | | |
| 3.15 | Customer Service Counter – Height | Plaintiff alleges the customer service counter is 42" AFF and there is no lowered section provided. | Provide a lowered section 34" AFF x 36" wide as per the CBC requirements, or provide an adjacent accessible surface such as a table or desk. |

| Item | Element | Barrier Alleged by Plaintiff | Remediation |
|---|---|---|---|
| 3.17 | Art Display Counter- Knee space | The display counter where customers are served has a 24½" AFF knee space clearance. | Reconfigure display counter to provide the required knee space clearance as per applicable CBC & ADAAG requirements or provide an adjacent accessible desk or table. |
| **Christine Foley San Francisco (Lobby Level)** | | | |
| 3.24 | Entry Door – 3 Second Sweep Time | Plaintiff alleges the entry door closes in less than 3 seconds. | Replace or adjust the closer as per CBC & ADAAG requirements. |
| 3.25 | Entry Door – Bottom Height | Plaintiff alleges the bottom rail of the entry door is 4½" high. | Provide a min. 10" high smooth bottom surface on the push side of the door as per CBC requirements by, for instance, adding infill panel or replacing door. |
| 3.27 | Customer Service Counter – Height | Plaintiff alleges the customer service counter is 36" AFF and there is no lowered section provided. | Provide a lowered section 34" AFF x 30" wide as per the CBC requirements, or provide an adjacent surface such as a table or desk. |
| **Meeting Rooms** | | | |
| **Grand Ballroom (Grand Ballroom Level)** | | | |
| 3.39 | Double Entry Doors – Clear Width | Plaintiff alleges all the double entry doors have a 27¼" clear width opening. | Renovate the width of one door opening to a min. 32" clear as per CBC & ADAAG requirements, or install automatic door opener; add signage designating the accessible door. |
| 3.40 | Double Entry Doors – 3 Second Sweep Time | Plaintiff alleges all the double entry doors close in less than 3 seconds. | Replace or adjust the closer on the designate accessible door (see above) as per CBC & ADAAG requirements |
| 3.41 | Double Entry Doors (Middle Set) – Bottom Smooth Surface | Plaintiff alleges the middle set of double entry doors have panic rods encroaching into the required smooth bottom surface on the push side of the doors. | On the accessible door (see above) install a smooth surface around the panic rods or provide a min. 10" high smooth bottom surface as per CBC requirements. |
| **Terrace Room (Terrace Level)** | | | |
| 3.43 | Double Entry Doors – Opening Force | Plaintiff alleges there are three (3) sets of double entry doors and the opening force of each door is as follows:<br><br>Right Set = 12lbs./broken Middle Set = 13lbs/12lbs. Left Set = 12lbs./13lbs. | One doorway entry to Terrace room to have 32" minimum clear opening level landing, and compliant door hardware, or an automatic opener. Install a sign directing guests to accessible entrance. |
| 3.44 | Middle Double Entry Doors – 3 Second Sweep Time | Plaintiff alleges the middle double entry doors close in less than 3 seconds. | Replace or adjust the closers in one set of doors as per CBC & ADAAG requirements.  See above. |
| 3.45 | Right Double Entry Doors – Hardware-Type | Plaintiff alleges the right double entry doors have knob hardware. | Provide lever hardware as on one set of doors per CBC & ADAAG requirements.  See above. |
| **Vanderbilt Room (Terrace Level)** | | | |
| 3.47 | West Double Entry Doors – Bottom Smooth Surface | Plaintiff alleges the west double entry doors have a panic rod encroaching into the required smooth bottom surface on the push side of one (1) door. | Install cover plate or other smooth surface around the panic rod, or replace the door, to provide a min. 10" high smooth bottom surface as per CBC requirements. |
| **Garden Room (Lobby Level)** | | | |
| 3.52 | Right Entry Door – Closer Broken | Plaintiff alleges the right entry door closer is broken. | Provide a new door closer. |
| **Green Room (Lobby Level)** | | | |
| 3.56 | Double Entry Doors – Clear Width | Plaintiff alleges the double entry doors have a 26" clear width opening. | Renovate the width of one opening to a min. 32" clear as per CBC & ADAAG requirements; or install auto opener; or add a new door opening at the side of the room |
| 3.57 | Double Entry Doors – Bottom Smooth Surface | Plaintiff alleges the double entry doors have panic rods encroaching into the required smooth bottom surface on the push side of the doors. | Install a cover plate or other smooth surface around the panic rods, or replace door, to provide a min. 10" high smooth bottom surface as per CBC requirements. |
| **Empire Room (Lobby Level)** | | | |
| 3.60 | Double Entry Doors – Clear Width | Plaintiff alleges the double entry doors have a 26" clear width opening. | Renovate the width of one door opening to a min. 32" clear as per CBC & ADAAG requirements, or provide automatic door opener. |
| 3.61 | Double Entry Doors – Bottom Smooth Surface | Plaintiff alleges the double entry doors have panic rods encroaching into the required smooth bottom surface on the push side of the doors. | Install a cover plate or other smooth surface around the panic rods, or replace door, to provide a min. 10" high smooth bottom surface as per CBC requirements. |
| **Gold Room (Lobby Level)** | | | |
| 3.63 | All Double Entry Doors – Bottom Smooth Surface | Plaintiff alleges there are panic rods encroaching into the required smooth bottom surface on the push side of all the doors. | Install a cover plate or other smooth surface around the panic rods, or replace door, to provide a min. 10" high smooth bottom surface as per CBC requirements. |
| **Crystal Room (Lobby Level)** | | | |
| 3.66 | All Double Entry Doors – Clear Width | Plaintiff alleges all double entry doors have a 27½" clear width opening. | Renovate the width of one door opening to a min. 32" clear as per CBC/ADAAG requirements, or install automatic door opener. |

| Item | Element | Barrier Alleged by Plaintiff | Remediation |
|------|---------|------------------------------|-------------|
| 3.67 | All Double Entry Doors -- Bottom Smooth Surface | Plaintiff alleges all double entry doors have panic rods encroaching into the required smooth bottom surface on the push side of all doors. | Install a cover plate or other smooth surface around the panic rods, or replace door, to provide a min. 10" high smooth bottom surface as per CBC requirements or install automatic door opener. |
| **Fountain Room (Lobby Level)** | | | |
| 3.68 | Double Entry Doors – Clear Width | Plaintiff alleges the double entry doors have a 29" clear width opening. | Renovate the width of one door opening to a min. 32" clear as per CBC & ADAAG requirements, or install automatic door opener. |
| 3.69 | Patio Door – Bottom Smooth Surface | Plaintiff alleges a device for holding the entry door open is attached to the face of the door bottom. | Remove door stop or replace door to provide a min. 10" high smooth bottom surface as per CBC requirements. |
| **Venetian Room (Lobby Level)** | | | |
| 3.70 | Double Entry Doors – Opening Force | Plaintiff alleges there are three (3) sets of double entry doors and the opening force of each door is as follows:  Right Set = 12lbs./13lbs. Middle Set = 15lbs./13lbs. Left Set = 11lbs./12lbs. | Replace or adjust the closers on one set of doors to meet the max. 5lbs. of force to open as per CBC & ADAAG requirement or provide auto opener; place signage on designated accessible entry. |
| 3.71 | Right/Left Double Entry Doors – Clear Width | Plaintiff alleges the right/left double entry doors have a 30" clear width opening. | Renovate the width of one door opening to a min. 32" clear as per CBC & ADAAG requirements or provide auto opener; install signage (see above). |
| 3.72 | Right/Left Double Entry Doors -- 3 Second Sweep Time | Plaintiff alleges the right/left double entry doors close in less than 3 seconds. | Replace or adjust the closer as per CBC & ADAAG requirements or install auto opener; install signage (see above). |
| 3.73 | Right/Left Entry Door -- Bottom Smooth Surface | Plaintiff alleges the right/left double entry doors have a locking bolt attached to the face of the door bottom. | Remove locking bolt on one set of doors to provide a min. 10" high smooth bottom surface as per CBC requirements or install automatic door opener; provide signage indicating accessible entry.  (See above.) |
| 3.74 | Middle Double Entry Doors – Bottom Height | Plaintiff alleges the bottom rail of the middle double entry doors are 9½" high. | Provide a min. 10" high smooth bottom surface on the push side of one set of doors as per CBC requirements or install an automatic door opener.  (See above.) |
| **Stage** | | | |
| 3.75 | Stage – Accessible Route | Plaintiff alleges there is no accessible route to the stage. | Provide a portable lift or ramp per CBC & ADAAG requirements if available for commercial rental in Bay Area. |
| **French Room (Lobby Level)** | | | |
| 3.80 | South Double Entry Doors – Bottom Smooth Surface | Plaintiff alleges the south double entry doors have panic rods encroaching into the required smooth bottom surface on the push side of the doors. | Install a cover plate or other smooth surface around the panic rod on one set of doors to provide a min. 10" high smooth bottom surface as per CBC requirements; provide signage on accessible entry (see above) |
| 3.81 | West Double Entry Doors – Clear Width | Plaintiff alleges the west double entry doors have a 28" clear width opening. | Renovate the opening width of one set of doors to a min. 32" clear as per CBC & ADAAG requirements; provide signage indicating accessible entry (see above) |
| **Cirque Room (Lobby Level)** | | | |
| 3.82 | Bar Counter – Height | Plaintiff alleges the bar counter is 43" AFF and there is no lowered section provided. | Provide an accessible table adjacent to the bar and provide table service to the accessible table for people with disabilities. |
| **Pavilion Room (Lobby Level)** | | | |
| 3.84 | Double Entry Doors – Bottom Smooth Surface | Plaintiff alleges the double entry doors have a locking bolt attached to the face of the door bottom. | Remove or cover locking bolt to provide a min. 10" high smooth bottom surface as per CBC requirements. |
| **Women's Restroom (3 toilets, 1 lavatory) (Crown Level)** | | | |
| 3.96 | Entry Door – Latch | The entry door latch requires tight grasping, pinching and twisting to operate. | Provide lever hardware as per CBC or ADAAG requirements. |
| 3.97 | Toilet Tissue Dispenser- Location From Rear Wall | The far edge of the toilet tissue dispenser is mounted 37" from the rear wall. | Relocate the toilet tissue dispenser to within 12 inches from the lip of the fixture. |
| **Common Areas** | | | |
| **Laurel Court Restaurant Entrance** | | | |
| 3.101 | Entrance – ISA Signage | Plaintiff alleges there is no ISA sign provided at the entrance. | Post an ISA sign at the entrance as per CBC & ADAAG requirements. |
| 3.103 | Lobby Area Bench – Wheelchair Seating Area | Plaintiff alleges there is no wheelchair seating area provided adjacent to the bench. | Relocate or remove planter adjacent to bench, or remove bench. |
| **Roof Garden** | | | |
| 3.111 | Entry Door – Opening Force | Plaintiff alleges the entry door requires 7lbs. of force to open. | Replace or adjust the closer to meet the requirements of fire rated doors. |

| Item | Element | Barrier Alleged by Plaintiff | Remediation |
|---|---|---|---|
| 3.112 | Walkway – Cross Slope at Storm Drain | Plaintiff alleges the walkway has a >2% cross slope at the storm drain. | Renovate walkway or the subject drain to provide a max. 2% cross slope at the subject drain as per CBC & ADAAG requirements. |
| 3.113 | Walkway – Uneven Surface | Plaintiff alleges the walkway has a >¾" elevation at several locations. | Repair walkway to provide a smooth surface as per CBC & ADAAG requirements, e.g., by grinding edges of cracks, at spots near where drain will be repaired under item 3.113 above. |
| 3.114 | Walkway – <4" Side Drop-Off | Plaintiff alleges there is a channel drain that is 2½" wide x 2" deep around the fountain. | Either: (1) Install a grate cover for the channel; or (2) fill-in the channel, but OK to leave approximately ½" gap in the channel to allow drainage, and OK not to fill-in the drain itself so drainage still can occur. |
| **Business Center Services** | | | |
| 3.115 | Entry Door – Opening Force | Plaintiff alleges the entry door requires 13lbs of force to open. | Replace or adjust the closer to meet the requirements for fire rated doors. |
| 3.116 | Door Alcove – Strike Side Clearance | Plaintiff alleges the door alcove is more than 8" deep without providing required strike-edge clearance. | Provide automatic door opener or other solution to obtain strike side clearance. |
| 3.117 | Computer Tables (4) – Knee space | Plaintiff alleges the computer work stations have a 26" AFF knee space due to the obstruction of a shelf below. | Provide one workstation with compliant knee space. |
| **Coloring** | | | |
| 3.118 | Entry Door – Opening Force | Plaintiff alleges the entry door (rated) requires 7lbs. of force to open. | Replace or adjust the closer to meet the requirements for fire rated doors. |
| **Internet** | | | |
| 3.121 | Entry Door – Bottom Height | Plaintiff alleges the bottom rail of the entry door is 4" high. | Provide a kick plate or other min. 10" high smooth bottom surface on the push side of the door as per CBC requirements. |
| 3.122 | Entry Door – Bottom Smooth Surface | Plaintiff alleges a device for holding the entry door open is attached to the face of the door bottom. | Remove door stop or otherwise modify to provide a min. 10" high smooth bottom surface as per CBC requirements. |
| **Interior Corridors** | | | |
| **Wheelchair Lift (Grand Ballroom Level)** | | | |
| 3.135 | Transition – Ramp Slope | Plaintiff alleges the platform of the incline lift has a ramp at the base with a 37.4% slope for a distance of 8". | Install extension piece to extend lower landing ramp on wheelchair lift to approximately 10.5". |
| **Public Telephones** | | | |
| **Terrace Level** | | | |
| 3.136 | House Phone Enclosure (Full Height) – Opening Width | Plaintiff alleges the telephone is located in a full height enclosure and has a 25" clear opening. | Provide an alternate accessible location for house phone or remove house phone. |
| 3.137 | House Phone Enclosure – Side Reach | Plaintiff alleges the telephone enclosure extends 24" from the face of the telephone. | Provide an alternate accessible location for house phone or remove house phone. |
| **Lobby Level** | | | |
| 3.140 | Entry Door – Opening Force | Plaintiff alleges the entry door requires >5lbs. of force to open. | Replace or adjust the door closer to meet the requirements for fire rated doors. |

# 4. Club One Fitness Center

| 4.0 | Club One Fitness Center | | |
|---|---|---|---|
| **Item** | **Element** | **Barrier Alleged by Plaintiff** | **Remediation** |
| **Common Areas** | | | |
| 4.2 | Customer Service Counter – Height | Plaintiff alleges the customer service counter is 47½" AFF and there is no lowered section provided. | Provide a lowered section 34" AFF x 36" wide as per the CBC requirements. |
| **Lower Level** | | | |
| 4.8 | Lower Level – Accessible Route | Plaintiff alleges there is no accessible route to the lower level. | At Defendants' option, either: (1) install a lift or elevator inside the gym to the lower level of the gym; or (2) build an area for basic gym equipment on the same level as the locker rooms. |
| 4.9 | Drinking Fountain – "Hi-Low" | Plaintiff alleges the drinking fountain is not a "hi-low" model. | Provide accessible paper cup dispenser. |

| Item | Element | Barrier Alleged by Plaintiff | Remediation |
|---|---|---|---|
| **Women's Locker Room** | | | |
| 4.38 | Door Landing – Strike Side Clearance (Push) | Plaintiff alleges the door (closer and latch) landing is obstructed by a drink vending machine. | Relocate the drink vending machine to provide a min. 12" wide strike side clearance as per CBC & ADAAG requirements. |
| 4.41 | Lockers Latch Operation – Grasping Pinching Twisting | Plaintiff alleges all the lockers lock with a key that require tight grasping, pinching or twisting to operate. | Provide minimum of 5% lockers with keypad or similar opening mechanism that does not require grasping, pinching and twisting to operate as per the CBC & ADAAG requirements. |
| 4.42 | Locker Area-Fixed Bench | A fixed bench is not provided in the locker area. | Provide a 24" x 48" bench fixed to the wall along the longer dimension |
| 4.43 | Clothing Hooks/Shelf – Height | Plaintiff alleges the clothing hooks & shelf is 66"/70" AFF. | Provide lower hooks to CBC & ADAAG requirements, or remove hooks; provide lower shelf or additional shelf per CBC & ADAAG requirements, or remove shelf. |
| 4.44 | Towel Shelf – Height | Plaintiff alleges the lowest towel shelf is 65" AFF. | Lower the towel shelf to a max. 54" AFF as per CBC & ADAAG requirements, or provide additional shelf at the lowered height |
| **Lavatory Area** | | | |
| 4.49 | Lavatory - Height | The lavatory counter/rim is 37" AFF. | Lower one lavatory rim to a max. 34" AFF as per CBC & ADAAG requirements. |
| 4.50 | Lavatory – Insulation | Plaintiff alleges the supply and drain lines are not insulated. | Provide insulation to the lavatory supply and drain lines as per CBC & ADAAG requirements. |
| 4.51 | Mirror – Height | Plaintiff alleges the reflective edge of the mirror is mounted 42½" AFF. | Lower the reflective edge of the mirror to a max. 40" AFF as per CBC & ADAAG requirements, or provide additional mirror at required lower height. |
| 4.52 | Lavatory Counter – Height of Amenities | Plaintiff alleges the lotions, cups and Q-tips above the lavatory counter are 50" AFF with a 23" deep reach. | Lower shelf containing self-serve beauty items (e.g., lotions and Q-tips) or provide an equal selection within accessible reach ranges as per CBC & ADAAG requirements. |
| 4.53 | Sanitary Product Dispenser – Controls Grasping Pinching Twisting | Plaintiff alleges the sanitary product dispenser requires tight grasping, pinching or twisting to operate. | Provide controls that do not require tight grasping, pinching, or twisting of the wrist to operate as per CBC & ADAAG requirements, or also remove dispenser. |
| **Accessible Toilet Compartment** | | | |
| 4.57 | Toilet Tissue Dispenser – Location From Rear Wall | Plaintiff alleges the far edge of the toilet tissue dispenser is mounted 47½" from the rear wall. | Relocate the toilet tissue dispenser near edge to a max. 12" from the front of the toilet if not already compliant. |
| 4.58 | Rear Grab Bar – Gap at Tank | Plaintiff alleges there is 1" gap between the top of the toilet tank and the rear grab bar. | Relocate the rear grab bar to provide a min. 1½" gap between the top of the toilet tank and the rear grab bar as per CBC requirements. |
| **Shower Room** | | | |
| 4.59 | Entry Door – Opening Force | Plaintiff alleges the entry door requires 11lbs. of force to open. | Replace or adjust the closer to meet the max. 5lbs. of force to open as per CBC & ADAAG requirements. |
| 4.60 | Entry Door – Bottom Smooth Surface | Plaintiff alleges a device for holding the entry door open is attached to the face of the door bottom. | Modify or remove door stop to provide a min. 10" high smooth bottom surface as per CBC requirements. |
| 4.65 | Hand-Held Sprayer – Height | The hand-held sprayer is mounted at 72" AFF. | Lower hand-held sprayer to a max. 48" AFF as per CBC requirements |
| **Sauna Room** | | | |
| 4.67 | Entry Door – Opening Force | Plaintiff alleges the entry door requires 10lbs. of force to open. | Replace or adjust the closer to meet the max. 5lbs. of force to open as per CBC & ADAAG requirements. |
| 4.68 | Interior Door Landing - Strike Side Clearance (Pull) | The interior door landing extends 4" beyond the edge of the door. | Install double-acting hinge on door to provide a min  18" wide strike side clearance as per CBC & ADAAG requirements |
| **Steam Room** | | | |
| 4.70 | Entry Door – Opening Force | The entry door requires 12 lbs. of force to open. | Replace or adjust the closer to meet the max. 5lbs. of force to open as per CBC & ADAAG requirements. |
| 4.71 | Entry Door - Bottom Smooth Surface | A device for holding the entry door open is attached to the face of the door bottom. | Remove door stop to provide a min. 10" high smooth bottom surface as per CBC requirements. |
| 4.73 | Interior Door Landing - Strike Side Clearance (Pull) | The interior door landing extends 4" beyond the edge of the door. | Install double-acting hinge on door to provide a min 18" wide strike side clearance as per CBC & ADAAG requirements. |

# 5. Restaurants / Café

| 5.0 | Restaurants / Café | | |
|---|---|---|---|
| Item | Element | Barrier Alleged by Plaintiff | Remediation |

| Item | Element | Barrier Alleged by Plaintiff | Remediation |
|---|---|---|---|
| **Level Court Restaurant & Bar (Lobby Level)** | | | |
| **Dining Area** | | | |
| 5.2 | Dining Tables – Knee Clearance | Plaintiff alleges there are 17-90 seats that have a circular base preventing the required knee space clearance for a wheelchair under the table.<br><br>None of the table bases meet the requirement for knee clearance and depth. | Provide accessible tables to accommodate accessible seating for 5% of the total provided. |
| **Bar Area** | | | |
| 5.3 | Bar Counter – Height | Plaintiff alleges the bar counter is 42" AFF and there is no lowered section provided. | Provide a max. 34" AFF x min. 60" long accessible bar counter as per the CBC requirements. |
| 5.4 | Bar Counter (Foot Rail) – Knee Space | Plaintiff alleges the bar counter has a foot rail encroaching into the required knee space clearance. | Remove foot rail to provide the required knee space clearance at the bar counter as per the CBC & ADAAG requirements, or provide new area without foot rail. |
| 5.5 | Bar Tables – Knee Clearance | Plaintiff alleges the bar tables have a 23" AFF knee space clearance under the table.<br><br>The following seating options are provided:<br>1 – 4 seat elevated table<br>58 seat tables<br>Total; 62 seats | Provide accessible seating for 5% of total seats provided. Accessible seating spaces shall be integrated with general seating to allow a reasonable selection of seating area and to avoid having one area specifically highlighted as the area for persons with disabilities. The ratio of accessible seating is based on the total number of seats provided. |
| **Tonga Restaurant & Bar (Terrace Level)** | | | |
| 5.6 | Main Entrance – >5% Slope | Plaintiff alleges the main entrance to the Tonga Restaurant has a 7.4% slope over a 7'-0" run and no handrails are provided. | Provide handrails or renovate POT to provide a max. 5% slope as per CBC & ADAAG requirements. |
| 5.7 | Ramps (2) to Dining & Dancing Areas - Slope | The ramps have a 12.6%/11.6% running slopes over a 20" run. | Provide a ramp slope not to exceed a max. 8.33% as per CBC & ADAAG requirements. |
| **Dining Areas** | | | |
| 5.8 | Aisle - Clear Width | The accessible route to the dining areas beyond the dance floor is 28" wide. | Modify opening on the designated accessible path of travel to provide a 36" wide accessible route to the dining areas. |
| 5.9 | Tables – Knee Space Clearance | Plaintiff alleges the seating capacity appears to be +/- 218 seats. The seating design does not provide the required knee clearance for wheelchairs. Eleven (11) wheelchair spaces required. | Provide complaint seating for 5% of total seats provided. Accessible seating spaces shall be integrated with general seating to allow a reasonable selection of seating area and to avoid having one area specifically highlighted as the area for persons with disabilities. The ratio of accessible seating is based on the total number of seats provided. |
| 5.10 | POT Behind Boat Area – Change in Level | Plaintiff alleges there is a 1" high change in level behind the boat area. | Provide a smooth surface by adding new sloped wood trim strip under carpet. |
| **Bar Area** | | | |
| 5.11 | Bar Tables – Knee Space | Plaintiff alleges the tables do not have the required knee space clearance due to the pedestal base.<br>The bar area has +/- 54 seats. Three (3) wheelchair seating spaces are required. | Provide compliant knee space for 5% of seating. |
| **Café Cento (Parking Level)** | | | |
| 5.12 | Accessible Route | Plaintiff alleges there is no accessible route from the interior of the hotel to the café. | Install a wheelchair lift at the stairs. |
| 5.16 | Interior Double Entry Doors – Clear Width | Plaintiff alleges the interior double entry doors have a 28½" clear width opening. | Renovate the width of one door opening to a min 32" clear, or maintain door in open position during business hours. |
| **Dining Area** | | | |
| 5.17 | Dining Tables – Knee Clearance | Plaintiff alleges the dining tables have a cross-legged base preventing the required knee space clearance for a wheelchair under the table.<br><br>None of the table bases meet the requirement for knee clearance and depth. | Provide a minimum of one (1) designated accessible table to accommodate accessible seating |

# 6. Public Restrooms

| 6.0 | Public Restrooms | | |
|---|---|---|---|
| Item | Element | Barrier Alleged by Plaintiff | Remediation |

| Item | Element | Barrier Alleged by Plaintiff | Remediation |
|---|---|---|---|
| **PARKING LEVEL** | | | |
| **Unisex Restroom near Café Cento  (Not at Parking Level, within Cafe Centro)** | | | |
| 6.2 | Toilet – Centerline | Plaintiff alleges the toilet is mounted 19" to the centerline from the adjacent wall. | Relocate centerline of toilet to 18" minimum/maximum. |
| 6.3 | Toilet – Clear Floor Space | Plaintiff alleges the transfer clear floor space at the wide side of the toilet is restricted due to the encroachment of a trash bin. | Remove the trash bin from the transfer clear floor space of the toilet as per the CBC requirements. |
| 6.4 | Toilet Tissue Dispenser – Location From Rear Wall | Plaintiff alleges the far edge of the toilet tissue dispenser is mounted 45" from the rear wall. | Relocate the toilet tissue dispenser near edge to a max. 12" from the lip of the toilet fixture. |
| 6.5 | Mirror – Height | Plaintiff alleges the reflective edge of the mirror is mounted 40½" AFF. | Lower the reflective edge of the mirror to a max. 40" AFF as per CBC & ADAAG requirements, or provide additional compliant mirror. |
| **GRAND BALLROOM LEVEL** | | | |
| **Women's Restroom (8 toilets, 4 lavatories)** | | | |
| 6.18 | Paper Towel Dispenser – Clear Floor Space | Plaintiff alleges there is a trash bin encroaching into the clear floor space of the paper towel dispenser. | Relocate the trash bin or add additional accessible paper towel dispenser. |
| **Accessible Toilet Compartment** | | | |
| 6.24 | Compartment Door – Self-Closing Device | Plaintiff alleges there is no self-closing device on the compartment door. | Lubricate or modify spring hinge on toilet compartment door to be self-closing. |
| 6.28 | Toilet Tissue Dispenser – Location From Rear Wall | Plaintiff alleges the far edge of the toilet tissue dispenser is mounted 38" from the rear wall. | Relocate the toilet tissue dispenser near edge to a max. 12" from the lip of the toilet fixture. |
| **TERRACE LEVEL** | | | |
| **Women's Restroom (8 toilets, 4 lavatories)** | | | |
| **Accessible Toilet Compartment** | | | |
| 6.37 | Compartment Door – Self-Closing Device | Plaintiff alleges there is no self-closing device on the compartment door. | Lubricate or modify spring hinge to be self-closing as per CBC requirements. |
| **ARCADE LEVEL** | | | |
| **Women's Restroom (4 toilets, 3 lavatories)** | | | |
| 6.46 | Paper Towel Dispenser – Clear Floor Space | Plaintiff alleges there is a trash bin encroaching into the clear floor space of the paper towel dispenser. | Relocate the trash bin. |
| **LOBBY LEVEL** | | | |
| **Unisex Restroom: Close to the Public; place sign on door indicating staff use only.** | | | |
| **Women's Restroom (8 toilets, 4 lavatories)** | | | |
| 6.70 | Vanity Counter – Knee Space Clearance | Plaintiff alleges there are four (4) vanity counters and they all have 25¼" AFF knee space clearance. | Provide one lavatory with the required knee space clearance as per CBC & ADAAG requirements. |
| **Accessible Toilet Compartment** | | | |
| 6.71 | Compartment Door – Self-Closing Device | Plaintiff alleges there is no self-closing device on the compartment door. | Lubricate or repair hinge to have door self-closing or provide an automatic–closing device as per CBC requirements. |
| 6.72 | Compartment Door Locking Device – Grasping Pinching Twisting | Plaintiff alleges the compartment latch requires tight grasping or twisting to operate. | Replace or modify latch so that it does not require tight grasping or twisting to operate as per the CBC & ADAAG requirements. |
| 6.76 | Toilet Tissue Dispenser – Location From Rear Wall | Plaintiff alleges the far edge of the toilet tissue dispenser is mounted 37½" from the rear wall. | Relocate the toilet tissue dispenser near edge to a max. 12" from the front lip of the toilet fixture. |
| **MEZZANINE LEVEL** | | | |
| **Unisex Restroom #1 (north) or #2 (south).  ON ONE OF THE TWO RESTROOMS, PERFORM THE FOLLOWING CHANGES:** | | | |
| 6.78 | Entry Door – Clear Width | Plaintiff alleges the entry door has a 20½" clear width opening. | Install offset hinge to provide as close to 32" clear door opening as possible, as per CBC & ADAAG requirement |
| 6.82 | Lavatory – Knee Space Obstructed | Plaintiff alleges the lavatory counter is oval shaped table with a curtain to conceal underneath. This can be a potential hazardous situation. | Remove curtain. |
| 6.83 | Lavatory – Knee Space @ 8" Back | Plaintiff alleges the lavatory counter is an oval shaped table with a curtain to conceal underneath. The knee space clearance 8" back from the front face of the lavatory is 25½" AFF. | Raise the lavatory to provide a min. 27" AFF at 8" back knee space below the lavatory as per the ADAAG requirements. |
| 6.84 | Paper Towel Dispenser – Clear Floor Space | Plaintiff alleges there is a trash bin encroaching into the clear floor space of the paper towel dispenser | Relocate the trash bin. |

| Item | Element | Barrier Alleged by Plaintiff | Remediation |
|---|---|---|---|
| 6.95 | Toilet Tissue Dispenser – Location From Rear Wall | Plaintiff alleges the far edge of the toilet tissue dispenser is mounted 45" from the rear wall. | If not already compliant, relocate the toilet tissue dispenser near edge to a max. 12" from the front tip of the toilet fixture as per CBC & ADAAG requirements. |

# 7. Guest Rooms

| 7.0 | For Each Accessible Guest Room: | | |
|---|---|---|---|

| Item | Element | Barrier Alleged by Plaintiff | Remediation |
|---|---|---|---|
| **Guest Room Common Barriers** | | | |
| 7.3 | Desk – Knee Space | Plaintiff alleges the desk has knee space underneath that is 25" AFF and 29" wide. | Modify or replace desks to provide proper knee clearance in the accessible units as per CBC & ADAAG requirements. |
| 7.4 | Desk Lamp Control – Grasping Pinching Twisting | Plaintiff alleges the desk lamp control require grasping, pinching, twisting to operate. | Replace control of lamp as per CBC & ADAAG requirements. |
| 7.5 | Curtain Rod Operation – Grasping Pinching Twisting | Plaintiff alleges the curtain wands require grasping, pinching, twisting to operate. | Install loop end curtain rods as per CBC & ADAAG requirements. |
| 7.6 | Room Safe – Location | Plaintiff alleges the room safe is 51" AFF and not located within reach range. | Relocate safe within reach ranges as per CBC & ADAAG requirements. |
| 7.7 | Bathtub – Fixed Seat | Plaintiff alleges the bathtub does not have a tub seat in place. | Provide a portable seat in the room at all times that can be fixed in tub as per CBC & ADAAG requirements. |
| 7.8 | Wall Mounted Lighted Mirror – Height | Plaintiff alleges the wall mounted lighted mirror is not within reach ranges. | Relocate wall mounted lighted mirror within reach ranges as per CBC & ADAAG requirements, or provide supplemental mirror. |
| **Guest Room #236 (single queen, tub/shower)** | | | |
| 7.9 | Entry Door – Opening Force | Plaintiff alleges the guest room entry door requires 6lbs. of force to open. | Replace or adjust the door closer to meet the requirements for fire rated doors. |
| 7.10 | Entry Door Peephole – Height | Plaintiff alleges the entry door peephole is 59" AFF. | Provide a lower peephole to a max. 48" AFF as per CBC & ADAAG requirements. |
| 7.11 | Closet – Rod/Shelf Height | Plaintiff alleges the clothes rod and shelf are out of reach ranges. | Provide accessible closet rod and shelf within reach ranges as per CBC & ADAAG requirements. |
| 7.12 | Entry Door – 180 Degree Opening | Plaintiff alleges the entry door does not open to 180 degrees and restricts the POT into the rest of the guest room. | Remove or modify the closet door stop to provide a min. 36" wide passage as per CBC & ADAAG requirements. |
| 7.13 | Mirror – Height | Plaintiff alleges the mirror is mounted 45" AFF to the bottom edge. | Lower the reflective edge of the mirror to a max. 40" AFF as per CBC & ADAAG requirements, or provide a compliant supplemental mirror. |
| 7.14 | Toilet Side Grab Bar – Location at Far Edge | Plaintiff alleges the far edge of the toilet side grab bar extends 48" from the rear wall | Relocate the far edge of the side grab bar to a min. 54" from the rear wall as per CBC & ADAAG requirements. |
| 7.15 | Toilet Tissue Dispenser – Location From Rear Wall | Plaintiff alleges the far edge of the toilet tissue dispenser is mounted 46" from the rear wall. | If not already compliant, relocate the toilet tissue dispenser near edge to a max. 12" from the front tip of the toilet fixture as per CBC & ADAAG requirements. |
| 7.18 | Clothes Hook – Height | Plaintiff alleges the clothes hook is mounted 61" AFF. | Lower the clothes hook to a max. 48" AFF as per CBC & ADAAG requirements, or remove hook. |
| 7.19 | Toilet Tissue Dispenser – Location From Rear Wall | Plaintiff alleges the far edge of the toilet tissue dispenser is mounted 46" from the rear wall. | If not already compliant, relocate the toilet tissue dispenser near edge to a max. 12" from the front tip of the toilet fixture as per CBC & ADAAG requirements. |
| 7.20 | Entry Door – Opening Force | Plaintiff alleges the guest room entry door requires 6lbs. of force to open. | Replace or adjust the door closer to meet the requirements for fire rated doors. |
| 7.22 | Toilet Tissue Dispenser – Location From Rear Wall | Plaintiff alleges the far edge of the toilet tissue dispenser is mounted 45½" from the rear wall. | If not already compliant, relocate the toilet tissue dispenser near edge to a max. 12" from the front tip of the toilet fixture as per CBC & ADAAG requirements. |
| 7.23 | Clothes Hook – Height | Plaintiff alleges the clothes hook is mounted 58" AFF. | Lower the clothes hook to a max. 48" AFF as per CBC & ADAAG requirements, or remove hook. |
| **Guest Room #384 (single queen, tub/shower)** | | | |
| 7.25 | Closet – Rod/Shelf Height | Plaintiff alleges the clothes rod and shelf are out of reach ranges. | Lower the clothes rod to within reach ranges as per CBC & ADAAG requirements. |
| **Bathroom** | | | |
| 7.26 | Toilet Tissue Dispenser – Location From Rear Wall | Plaintiff alleges the far edge of the toilet tissue dispenser is mounted 47" from the rear wall. | If not already compliant, relocate the toilet tissue dispenser near edge to a max. 12" from the front tip of the toilet fixture as per CBC & ADAAG requirements. |
| **Guest Room #436 (single queen, tub/shower & roll-in shower)** | | | |
| 7.28 | Entry Door Peephole – Height | Plaintiff alleges the entry door peephole is 58½" AFF. | Provide a peephole with max. 48" AFF as per CBC & ADAAG requirements. |

| Item | Element | Barrier Alleged by Plaintiff | Remediation |
|------|---------|------------------------------|-------------|
| 7.29 | Closet | Plaintiff alleges the clothes rod is 66" AFF. | Lower the clothes rod and shelf to within the reach ranges as per CBC & ADAAG requirements. |
| **Bathroom** | | | |
| 7.30 | Mirror – Height | Plaintiff alleges the mirror is mounted 46½" AFF to the bottom edge. | Lower the reflective edge of the mirror to a max. 40" AFF as per CBC & ADAAG requirements, or provide supplemental compliant mirror. |
| 7.31 | Side Grab Bar – Location at Far Edge | Plaintiff alleges the far edge of the side grab bar extends 47" from the rear wall. | Relocate the far edge of the side grab bar to a min. 54" from the rear wall as per CBC & ADAAG requirements. |
| 7.32 | Toilet Tissue Dispenser – Location From Rear Wall | Plaintiff alleges the far edge of the toilet tissue dispenser is mounted 45" from the rear wall. | If not already compliant, relocate the toilet tissue dispenser near edge to a max. 12" from the front lip of the toilet fixture as per CBC & ADAAG requirements. |
| **Guest Room #472 (double; tub/shower)** | | | |
| **Bathroom** | | | |
| 7.35 | Toilet – Centerline | Plaintiff alleges the toilet is mounted 16½" to the centerline from the adjacent wall. | Relocate centerline of toilet to 18" minimum/maximum. |
| 7.37 | Toilet Tissue Dispenser – Location From Rear Wall | Plaintiff alleges the far edge of the toilet tissue dispenser is mounted 44½" from the rear wall. | If not already compliant, relocate the toilet tissue dispenser near edge to a max. 12" from the front lip of the toilet fixture as per CBC & ADAAG requirements. |
| **Roll-In Shower** | | | |
| 7.38 | Shower – Floor Slope | Plaintiff alleges the shower floor has a 3.5% slope at the drain. | Renovate floor surface to provide a max. 2% cross slope as per CBC & ADAAG requirements. |
| 7.39 | Shower Controls – Height | Plaintiff alleges the centerline of the shower controls is at 43" AFF. | Lower the shower control as per CBC requirements. |
| 7.40 | Shower Seat – Location | Plaintiff alleges the shower seat is not adjacent to the shower control wall. | Relocate the shower seat adjacent to the shower control wall as per CBC requirements. |
| **Guest Rooms #55 (single king; roll-in shower)** | | | |
| 7.41 | Entry Door – Opening Force | Plaintiff alleges the guest room entry door requires 14lbs. of force to open. | Replace or adjust the door closer to meet the requirements for fire rated doors. |
| 7.42 | Closet Door – 180 Degree Opening | Plaintiff alleges the closet door does not open to 180 degrees and restricts the POT to the rest of the room. | Remove or modify the closet door stop to provide a min. 36" wide passage as per CBC & ADAAG requirements. |
| 7.43 | Bed – Maneuvering Space | Plaintiff alleges there is a 33½" wide maneuvering space at the wall side of the bed. | Relocate the bed to provide a min. 36" wide maneuvering space as per CBC & ADAAG requirements. |
| 7.44 | Desk – POT | Plaintiff alleges there is a 30" wide POT at the desk. | Relocate the desk to provide a min. 36" wide passage as per CBC & ADAAG requirements. |
| **Bathroom** | | | |
| 7.46 | Clothes Hook – Height | Plaintiff alleges the clothes hook is mounted 68" AFF. | Remove or lower hook as per CBC & ADAAG requirements. |
| 7.47 | Lavatory – Knee Space at Apron | Plaintiff alleges the knee clearance under the front apron of the lavatory is 26" AFF. | Raise the lavatory to provide a min. 29" AFF knee space below the apron of the lavatory as per CBC & ADAAG requirements. |
| 7.48 | Lavatory – Knee Space @ 8" Back | Plaintiff alleges the knee clearance 8" back from the front face of the lavatory is 26" AFF. | Raise the lavatory to provide a min. 27" AFF at 8" back knee space below the lavatory as per CBC & ADAAG requirements. |
| 7.49 | Toilet – Centerline | Plaintiff alleges the toilet is mounted 16½" to the centerline from the adjacent wall | Relocate centerline of toilet to 18" minimum/maximum. |
| **Roll-In Shower** | | | |
| 7.51 | Shower – Floor Slope | Plaintiff alleges the shower floor has a 3.3% slope at drain. | Renovate to provide a max. 2% cross slope as per CBC & ADAAG requirements. |
| 7.52 | Shower Controls – Height | Plaintiff alleges the centerline of the shower controls is at 42" AFF. | Extend or modify shower control lever to reach 40" AFF. |
| 7.54 | Shower Seat – Height | Plaintiff alleges the shower seat is 19" AFF. | Lower the shower seat as per CBC requirements. |
| **Guest Room #584 (single; tub/shower)** | | | |
| 7.55 | Entry Door – Opening Force | Plaintiff alleges the guest room entry door requires 6lbs. of force to open. | Replace or adjust the door closer to meet the requirements for fire rated doors. |
| **Bathroom** | | | |
| 7.56 | Toilet Tissue Dispenser – Location From Rear Wall | Plaintiff alleges the far edge of the toilet tissue dispenser is mounted 30" from the rear wall. | Relocate the toilet tissue dispenser Near edge to a max. 12" from the front lip of the toilet fixture as per CBC & ADAAG requirements. |
| 7.57 | Clothes Hook – Height | Plaintiff alleges the clothes hook is mounted 68" AFF. | Remove or lower hook as per CBC & ADAAG requirements. |
| **6th Floor – Croeker Suite (single king; tub/shower)** | | | |
| 7.58 | Entry Door – Opening Force | Plaintiff alleges the guest room entry door requires 8lbs. of force to open. | Replace or adjust the door closer to meet the requirements for fire rated doors. |

| Item | Element | Barrier Alleged by Plaintiff | Remediation |
|------|---------|------------------------------|-------------|
| 7.59 | Entry Door – Clear Width | Plaintiff alleges the entry door has a 31½" clear width opening. | Install offset hinges on the door to reach as close to the required 32" clear as possible, per CBC & ADAAG requirements. |
| 7.60 | Entry Door Peephole – Height | Plaintiff alleges the entry door peephole is 58" AFF. | Lower or add peephole to a max. 48" AFF as per CBC & ADAAG requirements. |
| 7.61 | Closet – Rod/Shelf Height | Plaintiff alleges the clothes rod and shelf are out of reach ranges. | Lower the clothes rod and shelf to within the reach ranges as per CBC & ADAAG requirements. |
| 7.62 | Bedroom Double Entry Doors – Clear Width | Plaintiff alleges the bedroom double entry doors have a 27" clear width opening. | Provide a 27" clear width opening by e.g., adding offset hinges or a sliding/pocket door. |
| 7.63 | Armoire – Rod/Shelf Height | Plaintiff alleges the clothes rod and shelf are out of reach ranges. | Provide accessible height closet rod and shelf. |
| **Bathroom** | | | |
| 7.65 | Clothes Hook – Height | Plaintiff alleges the clothes hook is mounted 66" AFF. | Lower the clothes hook to a max. 48" AFF as per CBC & ADAAG requirements. |
| 7.66 | Lavatory – Knee Space at Apron | Plaintiff alleges the knee clearance under the front apron of the lavatory is 28" AFF. | Raise the lavatory to provide a min. 29" AFF knee space below the apron of the lavatory as per CBC & ADAAG requirements. |
| 7.67 | Lavatory – Knee Space @ 8" Back | Plaintiff alleges the knee clearance 8" back from the front face of the lavatory is 26" AFF. | Raise the lavatory to provide a min. 27" AFF at 8" back knee space below the lavatory as per CBC & ADAAG requirements. |
| 7.68 | Toilet Tissue Dispenser – Location From Rear Wall | Plaintiff alleges the far edge of the toilet tissue dispenser is mounted 44" from the rear wall. | Relocate the toilet tissue dispenser near edge to a max. 12" from front lip of the toilet fixture as per CBC & ADAAG requirements. |
| **Guest Room #640 (single queen, tub/shower)** | | | |
| 7.69 | Entry Door – Opening Force | Plaintiff alleges the guest room entry door requires 6lbs. of force to open. | Replace or adjust the door closer to meet the requirements for fire rated doors. |
| 7.70 | Entry Door Peephole – Height | Plaintiff alleges the entry door peephole is 59" AFF. | Lower or add peephole to a max. 48" AFF as per CBC & ADAAG requirements. |
| 7.71 | Closet – Rod/Shelf Height | Plaintiff alleges the clothes rod and shelf are out of reach ranges. | Lower the clothes rod and shelf to within reach ranges as per CBC & ADAAG requirements. |
| 7.72 | Connecting Door – Hardware Type | Plaintiff alleges the connecting door has knob hardware. | Provide lever hardware as per CBC & ADAAG requirements. |
| 7.73 | Thermostat – POT | Plaintiff alleges there is a 27½" wide POT to the thermostat. | Provide a min. 36" wide passage to the thermostat as per CBC & ADAAG requirements. |
| **Bathroom** | | | |
| 7.75 | Mirror – Height | Plaintiff alleges the mirror is mounted 44" AFF to the bottom edge. | Lower the reflective edge of the mirror to a max. 40" AFF, or provide supplemental mirror as per CBC & ADAAG requirements. |
| 7.76 | Toilet – Centerline | Plaintiff alleges the toilet is mounted 18½" to the centerline from the adjacent wall. | Relocate centerline of toilet to 18" minimum/maximum as per CBC & ADAAG requirements. |
| 7.77 | Toilet Tissue Dispenser – Location From Rear Wall | Plaintiff alleges the far edge of the toilet tissue dispenser is mounted 46½" from the rear wall. | Relocate the toilet tissue dispenser near edge to a max. 12" from the front lip of the toilet fixture as per CBC & ADAAG requirements. |
| 7.78 | Clothes Hook – Height | Plaintiff alleges the clothes hook is mounted 61" AFF. | Lower or add clothes hook to a max. 48" AFF as per CBC & ADAAG requirements, or remove hook. |
| **Guest Room #672 (double queen, tub/shower & roll-in shower)** | | | |
| 7.79 | Entry Door – Opening Force | Plaintiff alleges the guest room entry door requires 8lbs. of force to open. | Replace or adjust the door closer to meet the requirements for fire rated doors. |
| 7.80 | Entry Door Peephole – Height | Plaintiff alleges the entry door peephole is 59" AFF. | Lower or add peephole to a max. 48" AFF as per CBC & ADAAG requirements. |
| 7.81 | Thermostat – POT | Plaintiff alleges there is a 19" wide POT to the thermostat. | Provide a min. 36" wide passage to the thermostat as per CBC & ADAAG requirements. |
| **Bathroom** | | | |
| 7.83 | Toilet Tissue Dispenser – Location From Rear Wall | Plaintiff alleges the far edge of the toilet tissue dispenser is mounted 45½" from the rear wall. | If not already compliant, relocate the toilet tissue dispenser near edge to a max. 12" from the front lip of the toilet as per CBC & ADAAG requirements. |
| **Roll-in Shower** | | | |
| 7.84 | Shower Controls – Height | Plaintiff alleges the centerline of the shower controls is at 43" AFF. | Either provide a longer shower control lever to reach 42" AFF, or renovate to place centerline of controls at 42" AFF. |
| 7.85 | Shower Seat – Location | Plaintiff alleges the shower seat is not adjacent to the shower control wall. | Relocate the shower seat adjacent to the shower control wall as per CBC requirements. |
| 7.86 | Clothes Hook – Height | Plaintiff alleges the clothes hook is mounted 56" AFF. | Provide a clothes hook to a max. 48" AFF as per CBC & ADAAG requirements, or remove hook. |

| Item | Element | Barrier Alleged by Plaintiff | Remediation |
|------|---------|------------------------------|-------------|
| **Guest Room #564 (single king, tub/shower)** | | | |
| **Bathroom** | | | |
| 7.89 | Toilet Tissue Dispenser – Location From Rear Wall | Plaintiff alleges the far edge of the toilet tissue dispenser is mounted 39" from the rear wall. | Relocate the toilet tissue dispenser near edge to a max. 12" from the front tip of the toilet fixture as per CBC & ADAAG requirements. |
| **Guest Room #88 (single king, tub/shower)** | | | |
| 7.91 | Closet Door – 180 Degree Opening | Plaintiff alleges the closet door does not open to 180 degrees and restricts the POT. | Modify or replace the closet door stop to provide a min. 36" wide passage as per CBC & ADAAG requirements. |
| 7.92 | Bed – Manoeuvring Space | Plaintiff alleges there is a 33" wide manoeuvring space at the wall side of the bed. | Relocate the bed to provide a min. 36" wide maneuvering space as per CBC & ADAAG requirements. |
| **Bathroom** | | | |
| 7.94 | Clothes Hook – Height | Plaintiff alleges the clothes hook is mounted 66½" AFF. | Lower or provide clothes hook to a max. 48" AFF as per CBC & ADAAG requirements, or remove hook. |
| 7.95 | Lavatory – Knee Space at Apron | Plaintiff alleges the knee clearance under the front apron of the lavatory is 28" AFF. | Raise the lavatory to provide a min. 29" AFF knee space below the apron of the lavatory as per CBC & ADAAG requirements. |
| 7.96 | Lavatory – Knee Space @ 8" Back | Plaintiff alleges the knee clearance 8" back from the front face of the lavatory is 26" AFF. | Raise the lavatory to provide a min. 27" AFF at 8" back knee space below the lavatory as per CBC & ADAAG requirements. |
| 7.97 | Toilet – Side Clear Floor Space | Plaintiff alleges there is 24½" transfer space between the toilet and the lavatory counter. | Renovate the area to provide a min. 28" wide clear floor space if the toilet is adjacent to a fixture or a min. of 32" wide clear floor space if the toilet is adjacent to a wall or partition at the transfer side of the toilet as per the CBC requirements. |
| 7.98 | Toilet Tissue Dispenser – Location From Rear Wall | Plaintiff alleges the far edge of the toilet tissue dispenser is mounted 39" from the rear wall. | Relocate the toilet tissue dispenser near edge to a max. 12" from the front tip of the toilet fixture. |
| **Guest Room #1204 (double queen, roll-in shower)** | | | |
| 7.100 | Entry Door – Clear Width | Plaintiff alleges the entry door has a 31½" clear width opening. | Install offset hinge on the door to achieve as close as feasible to min. 32" clear. |
| 7.101 | Connecting Door – Clear Width | The connecting door has a 30½" clear width opening. | Install offset hinge on the door to achieve as close as feasible to min. 32" clear. |
| 7.102 | Closet Door – 180 Degree Opening | Plaintiff alleges the closet door does not open to 180 degrees and restricts the POT. | Modify or modify the closet door stop to provide a min. 36" wide passage as per CBC & ADAAG requirements. |
| **Bathroom** | | | |
| 7.104 | Clothes Hook – Height | Plaintiff alleges the clothes hook is mounted 65" AFF | Lower the clothes hook to a max. 48" AFF, or provide an additional hook as per CBC & ADAAG requirements. |
| 7.105 | Lavatory – Knee Space at Apron | Plaintiff alleges the knee clearance under the front apron of the lavatory is 28" AFF. | Raise the lavatory to provide a min. 29" AFF knee space below the apron of the lavatory as per CBC & ADAAG requirements. |
| 7.106 | Lavatory – Knee Space @ 8" Back | Plaintiff alleges the knee clearance 8" back from the front face of the lavatory is 26" AFF. | Raise the lavatory to provide a min. 27" AFF at 8" back knee space below the lavatory as per CBC & ADAAG requirements. |
| 7.107 | Toilet – Centerline | Plaintiff alleges the toilet is mounted 18½" to the centerline from the adjacent wall. | Relocate centerline of toilet to 18" minimum/maximum. |
| 7.108 | Toilet – Side Clear Floor Space | Plaintiff alleges there is 25" transfer space between the toilet and the lavatory counter. | Renovate the area to provide a min. 28" wide clear floor space if the toilet is adjacent to a fixture or a min. of 32" wide clear floor space if the toilet is adjacent to a wall or partition at the transfer side of the toilet as per the CBC requirements. |
| 7.109 | Toilet Tissue Dispenser – Location From Rear Wall | Plaintiff alleges the far edge of the toilet tissue dispenser is mounted 44" from the rear wall. | Relocate the toilet tissue dispenser near edge to a max. 12" from the front tip of the toilet fixture as per CBC & ADAAG requirements. |
| **Roll-in Shower** | | | |
| 7.110 | Shower Controls – Height | Plaintiff alleges the centerline of the shower controls is at 42" AFF. | Relocate shower control between 39"-41" AFF as per the CBC requirements, or install a longer lever on an existing control to effectuate reach range. |
| 7.111 | Shower Controls (30"x 60") – Hand-Held Sprayer | Plaintiff alleges the hand-held bar is 34½" from adjacent wall. | Relocate hand-held bar a max. 27" from adjacent wall as per the CBC requirements. |
| **Guest Room #1608 (double queen, tub/shower)** | | | |
| 7.113 | Entry Door – Opening Force | Plaintiff alleges the guest room entry door requires 10 lbs. of force to open. | Replace or adjust the door closer to meet the requirements for fire rated doors. |
| 7.114 | Closet Door – 180 Degree Opening | Plaintiff alleges the closet door does not open to 180 degrees and restricts the POT. | Remove or modify the closet door stop to provide a min. 36" wide passage as per CBC & ADAAG requirements. |
| **Bathroom** | | | |
| 7.116 | Clothes Hook – Height | Plaintiff alleges the clothes hook is mounted 66" AFF. | Lower or add clothes hook to a max. 48" AFF or provide an additional hook as per CBC & ADAAG requirements. |

| Item | Element | Barrier Alleged by Plaintiff | Remediation |
|------|---------|------------------------------|-------------|
| 7.117 | Lavatory – Knee Space at Apron | Plaintiff alleges the knee clearance under the front apron of the lavatory is 26" AFF. | Raise the lavatory to provide a min. 29" AFF knee space below the apron of the lavatory as per CBC & ADAAG requirements. |
| 7.118 | Lavatory – Knee Space @ 8" Back | Plaintiff alleges the knee clearance 8" back from the front face of the lavatory is 20" AFF. | Raise the lavatory to provide a min. 27" AFF at 8" back knee space below the lavatory as per CBC & ADAAG requirements. |
| 7.120 | Toilet Tissue Dispenser – Location From Rear Wall | Plaintiff alleges the far edge of the toilet tissue dispenser is mounted 44" from the rear wall. | Relocate the toilet tissue dispenser near edge to a max. 12" from the front lip of the toilet fixture as per CBC & ADAAG requirements. |
| **Guest Room #1605 (double queen, tub/shower)** | | | |
| 7.121 | Entry Door – Opening Force | Plaintiff alleges the guest room entry door requires 10lbs. of force to open. | Replace or adjust the door closer to meet the requirements for fire rated doors. |
| 7.122 | Entry Door – Clear Width | Plaintiff alleges the entry door has a 31½" clear width opening. | Install offset hinge on the door to create as close to 32" min. clear opening as feasible. |
| 7.123 | Entry Door – 3 Second Sweep Time | Plaintiff alleges the entry door closes in less than 3 seconds. | Replace or adjust the closer as per CBC & ADAAG requirements |
| 7.124 | Entry Door Peephole – Height | Plaintiff alleges the entry door peephole is 58" AFF. | Lower or add a peephole to a max. 48" AFF as per CBC & ADAAG requirements. |
| 7.125 | Connecting Door - Clear Width | The connecting door has a 30½" clear width opening. | Install offset hinge on the door to create as close to 32" min. clear opening as feasible. |
| 7.126 | Closet Door – 180 Degree Opening | Plaintiff alleges the closet door does not open to 180 degrees and restricts the POT. | Remove or modify the closet door stop to provide a min. 36" wide passage as per CBC & ADAAG requirements. |
| 7.127 | Closet – Rod/Shelf Height | Plaintiff alleges the clothes rod is 65" AFF. The shelf is 68" AFF. | Lower the clothes rod and shelf to within the reach ranges as per CBC & ADAAG requirements. |
| **Bathroom** | | | |
| 7.129 | Clothes Hook – Height | Plaintiff alleges the clothes hook is mounted 66" AFF. | Lower or add the clothes hook to a max. 48" AFF or provide an additional hook as per CBC & ADAAG requirements. |
| 7.130 | Lavatory – Knee Space at Apron | Plaintiff alleges the knee clearance under the front apron of the lavatory is 28½" AFF. | Raise the lavatory to provide a min. 29" AFF knee space below the apron of the lavatory as per CBC & ADAAG requirements if possible with existing plumbing and mounting. |
| 7.131 | Lavatory – Knee Space @ 8" Back | Plaintiff alleges the knee clearance 8" back from the front face of the lavatory is 26½" AFF. | Raise the lavatory to provide a min. 27" AFF at 8" back knee space below the lavatory as per CBC & ADAAG requirements if possible with existing plumbing and mounting. |
| 7.133 | Toilet Tissue Dispenser – Location From Rear Wall | Plaintiff alleges the far edge of the toilet tissue dispenser is mounted 44" from the rear wall | Relocate the toilet tissue dispenser near edge to a max. 12" from the front lip of the toilet fixture as per CBC & ADAAG requirements. |
| **17th Floor - Sutter Suite (single queen, tub/shower)** | | | |
| 7.134 | Entry Door – Opening Force | Plaintiff alleges the guest room entry door requires 6lbs. of force to open. | Replace or adjust the door closer to meet the requirements for fire rated doors. |
| 7.135 | Entry Door – 3 Second Sweep Time | Plaintiff alleges the entry door closes in less than 3 seconds. | Replace or adjust the closer as per CBC & ADAAG requirements. |
| 7.136 | Connecting Door - Clear Width | The connecting door has a 30½" clear width opening | Install offset hinge on the door to create as close to 32" min. clear opening as feasible. |
| 7.137 | Closet – Rod/Shelf Height | Plaintiff alleges the clothes rod is 66" AFF. The shelf is 70" AFF. | Lower the clothes rod to within the reach ranges as per CBC & ADAAG requirements. |
| 7.138 | Armoire – Rod/Shelf Height | Plaintiff alleges the clothes rod and shelf are out of reach ranges. | Lower the clothes rod to within the reach ranges as per CBC & ADAAG requirements |
| **Bathroom:** | | | |
| 7.140 | Clothes Hook – Height | Plaintiff alleges the clothes hook is mounted 68" AFF. | Lower or provide clothes hook to a max. 48" AFF, as per CBC & ADAAG requirements, or remove hook |
| 7.141 | Lavatory – Knee Space at Apron | Plaintiff alleges the knee clearance under the front apron of the lavatory is 28" AFF. | Raise the lavatory to provide a min. 29" AFF knee space below the apron of the lavatory as per CBC & ADAAG requirements if possible using existing plumbing and mounting. |
| 7.142 | Lavatory - Knee Space @ 8" Back | Plaintiff alleges the knee clearance 8" back from the front face of the lavatory is 26" AFF. | Raise the lavatory to provide a min. 27" AFF at 8" back knee space below the lavatory as per CBC & ADAAG requirements if possible using existing plumbing and mounting. |
| 7.143 | Toilet Tissue Dispenser – Location From Rear Wall | Plaintiff alleges the far edge of the toilet tissue dispenser is mounted 45" from the rear wall. | Relocate the toilet tissue dispenser near edge to a max. 12" from the front lip of the toilet fixture as per CBC & ADAAG requirements. |
| **Guest Room #1804 (double queen, roll-in shower)** | | | |
| 7.144 | Entry Door – Opening Force | Plaintiff alleges the guest room entry door requires 9lbs. of force to open. | Replace or adjust the door closer to meet the requirements for fire rated doors. |
| 7.145 | Entry Door – 3 Second Sweep Time | Plaintiff alleges the entry door closes in less than 3 seconds. | Replace or adjust the closer as per CBC & ADAAG requirements. |

| Item | Element | Barrier Alleged by Plaintiff | Remediation |
|------|---------|------------------------------|-------------|
| **Bathroom** | | | |
| 7.147 | Clothes Hook – Height | Plaintiff alleges the clothes hook is mounted 66" AFF. | Lower the clothes hook to a max. 48" AFF, or provide and additional hook as per CBC & ADAAG requirements. |
| 7.148 | Lavatory – Knee Space at Apron | Plaintiff alleges the knee clearance under the front apron of the lavatory is 28" AFF. | Raise the lavatory to provide a min. 29" AFF knee space below the apron of the lavatory as per CBC & ADAAG requirements if possible with existing plumbing and mounting. |
| 7.149 | Lavatory – Knee Space @ 8" Back | Plaintiff alleges the knee clearance 8" back from the front face of the lavatory is 26" AFF. | Raise the lavatory to provide a min. 27" AFF at 8" back knee space below the lavatory as per CBC & ADAAG requirements if possible with existing plumbing and mounting. |
| 7.150 | Toilet – Side Clear Floor Space | Plaintiff alleges there is 27" transfer space between the toilet and the lavatory counter. | Renovate the area to provide a min. 28" wide clear floor space if the toilet is adjacent to a fixture or a min. of 32" wide clear floor space if the toilet is adjacent to a wall or partition at the transfer side of the toilet as per the CBC requirements. |
| 7.151 | Toilet Tissue Dispenser – Location From Rear Wall | Plaintiff alleges the far edge of the toilet tissue dispenser is mounted 44" from the rear wall. | Relocate the toilet tissue dispenser near edge to a max. 12" from the front lip of the toilet fixture. |
| **Guest Room #338** | | | |
| 7.159 | Desk – Knee Space | Plaintiff alleges the desk has knee space underneath that is 24" AFF and 20" wide. | Provide desk with proper knee clearance as per CBC & ADAAG requirements. |
| 7.160 | Curtain Rod Operation – Grasping Pinching Twisting | Plaintiff alleges the curtain rods wand require grasping, pinching, twisting to operate. | Install loop end curtain rods as per CBC & ADAAG requirements. |
| 7.161 | Closet – Rod/Shelf Height | Plaintiff alleges the clothes rod is 66½" AFF. The shelf is 70" AFF. | Lower the items to within the reach ranges as per CBC & ADAAG requirements. |
| 7.162 | Lamp Control – Grasping Pinching Twisting | Plaintiff alleges the lamp controls require grasping, pinching, twisting to operate. | Replace control or lamp as per CBC & ADAAG requirements. |
| **Bathroom** | | | |
| 7.164 | Mirror – Height | The mirror is mounted 44" AFF to the bottom | Lower the reflective edge of the mirror to a max. 40" AFF as per CBC & ADAAG requirements, or provide additional compliant mirror. |
| 7.165 | Toilet Tissue Dispenser – Location From Rear Wall | The far edge of the toilet tissue dispenser is mounted 46" from the rear wall. | Relocate the toilet tissue dispenser to within 12" of the front of the toilet seat. |

## ATTACHMENT B TO CONSENT DECREE: POLICIES

### *Riker v. Fairmont Hotels & Resorts (U.S.) Inc., et al.,* Case No. C11-2582 RS

1.  All Accessible Parking: Implement and enforce a written policy prohibiting parked cars from encroaching on the access aisles of accessible parking spaces, and against encroaching on designated accessible paths of travel from such parking spaces.

2.  Registration Desk: Implement and enforce a written policy that ADA signage will be placed at the registration desk inviting guests with disabilities to use the lowered section of the concierge desk for registration.

3.  Concierge Desk: Implement and enforce a written policy to post an ISA sign and maintain the existing lowered counter clear at all times for use of concierge or registration services by people with physical disabilities.

4.  Inform all retail tenants that they must rearrange their merchandise to maintain a 36" wide path of travel in all parts of the space to which the public is invited.

5.  Inform the Christine Foley tenant that it must comply with ADAAG requirements for clear entry doors as follows: The width of the level area on the side to which the door swings shall extend 24" past the strike edge of the door for exterior doors and 18" past the strike edge of the door for interior doors.

6.  Inform Tobacco, News and Gifts store that it must remove all display items from its lowered transaction counter and keep it clear for transactions by people with physical disabilities.

7.  Non-Fire Rated Door Push Pressure: Within 60 days of entry of the consent decree, implement and enforce a written policy to adjust all non-fire rated doors to which the public has access (including tenant doors and guest room doors) and that do not have an automatic door opener or a permanently-staffed doorperson and maintain 5 lbs. or less push pressure, checking them every six months, or earlier as to any door about which a complaint about push pressure is received from a guest with physical disabilities. Where an accessible guestroom has more than one set of entry doors and one set is designated and signed as the accessible entry, only the designated set of doors need be kept at 5 lbs. maximum push pressure.

8.  Fire-rated Door Push Pressure: Within 60 days of entry of the consent decree, implement and enforce a written policy to adjust all fire rated doors to which the public has access (including tenant doors and guest room doors) and that do not have an automatic door opener or a permanently-staffed doorperson and maintain them at the least pressure necessary to ensure that the door closes securely, checking them every six months, or earlier as to any door about which a complaint about push pressure is received from a guest with physical disabilities.

9.  Door Closing Speed: Implement and enforce a written policy that all doors having a closer to which the public has access (including tenant doors and guest room doors) and

that do not have an automatic door opener or a permanently-staffed doorperson will be adjusted within 60 days so that from an open position of 70 degrees, the door will take at least 3 seconds to move to a point 3" from the latch (measured to the leading edge of the door). Maintain the door closing speed by checking them not less than every six months, or earlier as to any door about which a complaint about door closing speed is received from a guest with physical disabilities. Where a guestroom has more than one set of entry doors and one set is designated and signed as the accessible entry, only the designated set of doors need be maintained so that from an open position of 70 degrees, the door will take at least 3 seconds to move to a point 3" from the latch (measured to the leading edge of the door).

10. Inform the Club One tenant that it must relocate gym equipment to maintain a clear 36"-wide path of travel in all parts of the space to which the public is invited.

11. Accessible rest rooms, both public and guest rooms:  Implement and enforce a written policy that trash cans shall not be placed to interfere with toilet transfer space or door clearance on strike or push sides of doors.

12. Accessible Guest Rooms:  Implement and enforce a written policy to maintain a 36" wide path of travel to the thermostat and desk.

13. Accessible Guest Rooms:  Implement and enforce a written policy to maintain a 36" clear width maneuvering space located along both sides of a bed, except that where two beds are provided, this requirement can be met by providing a 36" wide maneuvering space located between the beds.

14. Ice machine cubicles:  Either install offset hinges on the entry doors to the ice machine cubicles, or implement and enforce a written policy to provide ice to people with disabilities via room service upon request without charge.  If the latter method is chosen, indicate availability of this service in the guest services directory in accessible guest rooms or on a card or placard placed in accessible guest rooms, and/or in writing during the registration process for accessible guest rooms or by similar written method at the hotel.

15. Café Cento:  Institute a written policy that the interior doors leading to the hotel shall be kept open at all times during business hours.

## ATTACHMENT C TO CONSENT DECREE:  SCHEDULE FOR REMEDIATION

### *Riker v. Fairmont Hotels & Resorts (U.S.) Inc., et al., Case No. C11-2582 RS*

1.  Subject to Paragraph 3 below, all remediation, including in Club One, but excluding accessible guestroom remediation:  Complete by December 31, 2013.

2.  Subject to Paragraph 3 below, all accessible guestroom remediation:  Complete by December 31, 2014.

3.  To the extent permits are required or recommended for any remediation work, the hotel will apply for such permits within 150 days after entry of the Consent Decree, and the deadline to complete the permitted work will be the later of:

    A.  The applicable deadlines in Paragraphs 1 and 2, above; or

    B.  6 months after the subject permit(s) are obtained.

4.  For the following remediation, which does not involve physical changes to the hotel property:

    A.  Implement written policies (Attachment B to Consent Decree), write letters to tenants, move trash cans, and move furniture to create required path of travel within accessible guest rooms:  Complete on or before 60 days after the date of entry of the Consent Decree.

    B.  Restripe parking, remove wheel curbs from access aisle, add wheel stops to parking spaces, and adjust door closing speed and push pressure:  Complete on or before 120 days after the date of entry of the Consent Decree.

    C.  Accessible tables in Café Cento and Laurel Court:  Order tables on or before 120 days after the date of entry of the Consent Decree, and install them reasonably promptly after they arrive.

    D.  For any other agreed remediation that does not involve physical changes to the hotel property:  Complete on or before 180 days after the date of entry of the Consent Decree.